IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL LEWIS and MICHELLE LEWIS<br><br>            Plaintiffs,<br><br>v.<br><br>GC GETAWAYS & TRANSFER OUTLET and MATTHEW A. VOIGT<br>            Defendants. | Case No.: 4:23-cv-00935 |

**COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT**
**(28 U.S.C. § 1332; Diversity of Citizenship)**

Plaintiffs, Michael Lewis and Michelle Lewis, hereby file this Complaint against Defendants, GC Getaways & Transfer Outlet, LLC, and Matthew A. Voigt (individually "Defendant," collectively, "Defendants") and would respectfully show the Court as follows:

## I.     INTRODUCTION

1.     This complaint is an action for a breach of contract arising under the laws of the State of Texas. As set forth below, Defendants GC Getaways & Transfer Outlet ("GC") and Matthew A. Voigt ("Owner") (collectively, "Defendants") breached material terms of the timeshare transfer agreement between the parties and failed to specifically perform their obligation to transfer or sell the Plaintiffs' timeshare. The Defendants' failure to transfer the Plaintiffs' timeshare within 180 days of executing the transfer agreements after the Plaintiffs provided all necessary documentation and fees to GC and/or the designated closing company violates the timeshare agreement. In part, Plaintiffs' primary purpose and intent for entering the timeshare agreement with the Defendants was to transfer the Plaintiffs' existing timeshares.

## II.     PARTIES

2. Plaintiff, Michael Lewis, is a person of full age and majority and a citizen of the State of Georgia.

3. Defendant, Matthew A. Voigt, is a person of full age, majority, and citizen of the State of Texas.

4. Defendant, GC Getaways & Transfer Outlet, LLC is a Texas limited liability company with a principal place of business located at 15001 Walden Road, Ste. 203, Montgomery, Texas 77356.

## III.     JURISDICTION AND VENUE

5. The preceding paragraphs are incorporated herein by reference.

6. This Court has original jurisdiction over this matter in controversy pursuant to 28 U.S.C. § 1332 because the sum or value of the amount in controversy exceeds $75,000, exclusive of interest and costs, Plaintiffs are not citizens of any state of which the Defendants are also a citizen, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs and is between citizens of different States;

7. The Defendants are subject to this Court's personal jurisdiction in the State of Texas and this judicial district because they breached the contract within the State of Texas in this judicial district.

8. Venue is proper in this Court under 28 USC § 1391(b)(2) because the Defendants reside in the State of Texas.

### IV.   FACTS

9. On or about May 30, 2018, Plaintiffs, Michael and Michelle Lewis entered into a timeshare agreement with Defendant, GC Getaways & Transfer Outlet, LLC ("Agreement") to purchase a Multi-Resorts Ownership Plan ("MROP") and an RCI Points deed and membership for $10,860.00. *See* Exhibit – 1. Under the Agreement, the Plaintiffs received an interval interest in a timeshare at 1521 East 3900 South St. 100, Salt Lake City, Utah 84124.

10. On or about May 30, 2018, as part of the Plaintiffs' "MROP" purchase, the Plaintiffs also entered into two additional contracts with the Defendants to transfer ownership of the Plaintiffs' two existing timeshares (collectively "Transfer Agreements," individually "Timeshare Agreement" ): Myrtle Beach, South Carolina ("Myrtle Beach"); and Kissimmee, Florida ("Kissimmee") *See* Exhibit – 2 and 3, respectively.

11. To transfer the Myrtle Beach timeshare, the Plaintiffs paid a transfer contract price of $575.00 (processing fee) and $850.00 (transfer fee) under the Transfer Agreements. *See* Exhibit – 2.

12. To transfer the Kissimmee timeshare, again, the Plaintiffs paid a transfer contract price of $575.00 (processing fee) and $1000.00 (transfer fee)Under the Transfer Agreements. *See* Exhibit – 3.

13. Clause 16 of the Defendants' Transfer Agreement to transfer timeshare reads as follows "We understand that the transfer process can take up to 180 business days from the date I/WE have provided all necessary documentation and fees to GCGTO and/or designated closing company." According to the Agreement, the Defendants promised to transfer the Kissimmee timeshare within 180 business days from the date the Plaintiffs provided all necessary documentation and fees to the Defendants. See Exhibit – 3. Clause 16 of the Transfer Agreement

for the Kissimmee timeshare reads, "We understand that the transfer process can take up to 180 business days from the date I/WE have provided all necessary documentation and fees to GCGTO and/or designated closing company." Under the Transfer Agreements, the Defendants promised to transfer the timeshares within 180 business days from the date the Plaintiffs provided all necessary documentation and fees to the Defendants. *See* Exhibit – 2 and 3, respectively.

14. The plaintiffs provided all necessary documentation and fees to the Defendants on May 30, 2018.

15. After 233 days, on or about January 18, 2019, according to the Horry County Register of Deeds Transmittal Sheet, the Defendants transferred Plaintiffs' ownership in the Myrtle Beach timeshare; 53 days after the 180 days tenure Defendants promised under the Timeshare Agreements. *See* Exhibit – 5.

16. Contrarily, to date, the Defendants continue breaching the Transfer Agreement, not having transferred the Plaintiffs' ownership in the Kissimmee timeshare within 180 days from the date the Plaintiffs provided all necessary documentation and fees to the Defendants as the Defendants promised under Clause 16 of the Transfer Agreement. See Exhibit – 3.

17. The Defendants' breach of the Transfer Agreement and failure to specifically perform under said agreement causes the Plaintiffs significant monetary damages, mental anguish, emotional distress, and pain and suffering. In addition, since having executed the Transfer Agreement with the Defendants, the Plaintiffs continued paying $1,200.00 per month maintenance fees pursuant to the Transfer Agreement.

## V.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for the following:

      A.    A decree ordering the Defendants to specifically perform the transfer and conveyance of Plaintiffs' ownership in the Kissimmee timeshare pursuant to the Transfer Agreement, thereby directing the Defendants to execute the deed sale and get the same registered in favor of the Plaintiffs and do all other acts, deeds, and things as may be necessary in this regard.

      B.    The Defendants pay the Plaintiffs $105,860.00 in compensatory damages for the Kissimmee and the Myrtle Beach timeshare purchase price, maintenance fees, and the MROP/VRI membership.

      C.    The Court enjoin: (1) the Plaintiffs from paying and the Defendants from collecting maintenance fees; (2) and the assignment of the Agreement to the Plaintiffs' heirs, successors, and assigns;

      D.    The Plaintiffs receive any liquidated damages;

      E.    The rescission of the Agreement, discharging all of Plaintiffs' obligations;

      F.    The Defendants pay the Plaintiffs' pre- and post-judgment interests and costs;

      G.    The Court award Plaintiffs damages and attorney's fees; and

      H.    Such further relief as this Court may deem just and equitable.

DATED this 14rd day of March 2023.

Respectfully submitted,

THE LAW OFFICE OF PAIGE J. LOCKETT, PLLC.

By: *Paige J. Lockett*
Paige J. Lockett
State Bar No. 24072213
Email: paigelockett@pjlockettlaw.com
3003 South Loop West, Suite 400
Houston, Texas 77054
(713) 306-4292 (Telephone)
(713) 581-6582 (Facsimile)